UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRUTALCO RAMIREZ PEREZ,<br><br>                   Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>                   Respondents. | No. 1:26-cv-03377-DJC-CSK<br><br><br>RELEASE ORDER |

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking release from the custody of Immigration and Customs Enforcement ("ICE"). The parties did not object to the Court ruling directly on the merits of the Petition.

Petitioner was previously released on bond by an Immigration Judge on June 3, 2025. (ECF No. 6-3.) Petitioner was re-detained by ICE officers on February 5, 2026. (*See* ECF No. 6-2 at 3.) The documents provided by Respondents state that this detention was because Petitioner "violated the terms of ATD on September 30, 2025; October 1, 2025; and October 4, 2025." (*Id.*) Respondents do not identify, and the records do not state what Petitioner's alleged ATD violations were. The termination of Petitioner's ATD status was enacted the same day of his detention, with no apparent notice or opportunity to be heard given. Respondents do not explain why Petitioner

1

was not provided notice and an opportunity to be heard regarding the termination of his release on bond, despite these unidentified violations occurring months prior to his re-detention.

For the reasons the Court previously discussed in *Doe v. Becerra*, 787 F. Supp. 3d 1083 (E.D. Cal. 2025), "due process clearly requires that Petitioner be given a hearing before his bond is revoked." *Id.* at 1090. Based on his prior release on bond, Petitioner has a clear liberty interest in his continued release. *See id.* at 1093; *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for much of the same reasoning discussed in *Doe*, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1.[1]

2. Respondents are ORDERED to immediately release Petitioner Frutalco Ramirez Perez from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

3.  Respondents shall file a status report within five (5) days of Petitioner's release, confirming Petitioner's release.

4.  The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order.

5.  The Clerk of the Court is further directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **May 8, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3